IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **THOMAS CURTIS HINES,** | : | |
| Plaintiff, | : | |
| vs. | : | **CIVIL ACTION 16-461-CG-N** |
| **JUSTICE WISE, <u>et al.</u>,** | : | |
| Defendants. | : | |

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Thomas Curtis Hines, who is proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed a complaint under 42 U.S.C. §§ 1983, 1985, and 1986.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S).  After careful review, it is recommended that, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the claims against defendants Joseph Thetford, Phillipe L. Hughes, Judge Braxton Kittrell, Judge Bowen, and Glenn L. Davidson be dismissed with prejudice as frivolous, and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  It is further recommended that the claims against defendants Luther Strange, Madeline Lewis, Judge John Lockett, Ashley Rich, John Tason, Chris Galano, Mobile County Circuit Court, Kim Thomas, Cynthia White, Stan Dean, Bridgett Tyner, Anette Coleman, Department of Corrections Central Record Division, Cynthia Brown, Lauren Philyaw, Vivian McQueen, Michael Hoffman, Cynthia S. Dillard, Eddie Cook, Jr., Robert D. Oakes, William Wynn, Robert P. Longshore, Yilinda Weatherly, and  Justices Wise, Shaw, Main, Moore, Parker, Bolin, Cobb, Lyons, Stuart, Murdock, and Welch be dismissed without prejudice for failure to state a claim upon which relief can be granted.

See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions).

**I. Complaint.** (Doc. 1).

     Hines is attacking his thirty-year sentence for possession of burglar's tools, Ala. Code § 13A-7-8, in this action. (Doc. 1 at 8). Hines was convicted of this offense on December 5, 1983, and completed serving his sentence on August 30, 2014. (Id. at 8, 11). Hines complains that a sentence for his conviction, a Class C felony, Ala. Code § 13A-5-6(A)(3), is one to ten years, not the thirty-year sentence he received. (Id. at 9).

     Hines names numerous persons as defendants to his complaint, namely, Alabama appellate judges, Wise, Shaw, Main, Moore, Parker, Bolin, Cobb, Lyons, Stuart, and Murdock; Alabama Attorney General Luther Strange and Assistant Attorneys General, Madeline H. Lewis, Glenn L. Davidson, and Phillipe L. Hughes; Mobile County Circuit Court Judges Braxton L. Kittrell and John Lockett; Mobile County District Attorneys Ashley Rich, John Tason, and Chris Galano and Assistant District Attorney Joseph L. Thetford; defense attorney Glenn L. Davidson; Alabama Department of Corrections ("ADOC") Commissioner Kim Thomas and Warden Cynthia A. White; ADOC Central Records Division/Classification Division, Stan Dean, Bridgett Tyner, Anette Coleman, Cynthia Brown, Lauren Philyaw, Vivian McQueen, and Michael Hoffman; and State of Alabama Board of Pardons and Paroles members, Cynthia S. Dillard, Eddie Cook, Jr., Robert D. Oakes, William Wynn, Robert P. Longshore, and Yilinda Weatherly. (Id. at 1-7).

     Even though Hines lists many defendants, he refers to very few defendants in his description of his claims. According to Hines's allegations, prosecutor Thetford failed to

prove that the flashlight and pliers were intended to be used by him to commit a burglary or theft in order to support the charge for being in possession of burglar's tools.  (Id. at 9). That is, no witness for the State testified that he committed or attempted to commit either offense, but yet the jury found him guilty of violating Alabama Code § 13A-7-8.  (Id.). Immediately after the trial, he was sentenced.  (Id.).

Present at the sentencing were Hines, Judge Kittrell, prosecutor Thetford, and defense counsel Davidson.  (Id.).  Hines alleges that they knew his conviction was a Class C felony, which had a maximum punishment of ten years in prison, Ala. Code § 13A-5-6(A)(3), inasmuch as no other provision of Alabama law had been invoked to increase the sentence beyond ten years.  (Id.).  Hines alleges that Thetford, Davidson, and Kittrell knew that sentencing him to an additional twenty years was a violation of his rights under the Eighth Amendment, Thirteenth Amendment, and Fourteenth Amendment. (Id. at 10).  Because they were present and had the power to correct the sentence or bring it to the attention of the court, they "conspired" to remain silent and allowed him to go to prison on an illegal sentence.  (Id. at 11).

After sentencing, Judge Kittrell appointed Davidson to represent Hines on appeal in order to keep the thirty-year sentence from being raised on appeal, to keep himself from being reversed, and to keep Davidson from being found to have violated Hines's Sixth Amendment right to effective assistance of counsel.  (Id.).

On July 26, 1984, Davidson received a copy of Hines's trial transcript, which showed that Judge Kittrell had no authority to sentence Hines in excess of ten years.  (Id. at 12 ).  Nonetheless, Davidson filed a "no-merits" Anders brief, which concealed the thirty-year sentence and continued the "conspiracy."  (Id.).  Hines contends that

3

Davidson could have argued that based on the indictment for a Class C felony, Judge

Kittrell had no authority to impose a thirty-year sentence; but instead, Davidson chose to

violate his Sixth Amendment right to effective assistance of trial and appellate counsel.

(Id. at 13).

　　　　After the "no-merits" brief was filed, Hines was allowed to file his own brief in

which he raised two issues:  1) "insufficient evidence to support the conviction"; and 2) "a

violation of [his] right to due process when the State failed to give notice of it[]s intent to

treat [him] as a habitual offender."  (Id.).  Four of the five appellate judges ruled that his

case should be remanded to Judge Kittrell for an evidentiary hearing on the sentencing

claim.  (Id. at 15).  Judge Bowen dissented stating that the thirty-year sentence is legal,

because Hines took the witness stand and "admitted [a] prior conviction for

impeachment purposes."  (Id.).  Thus, Judge Bowen, relying on Wilson v. State, 428 So.2d

197, 201 (Ala. Crim. App. 1983), opined that the admission "waived the State['s] notice

requirement of its intent to treat [Hines] as a habitual offender and its burden of proving

[Hines's] prior conviction for enhancement purposes."  (Id.).  By issuing this dissent,

Judge Bowen is alleged to have joined the "conspiracy."  (Id.).  Judge Bowen's opinion

was "joined" by the Attorney General's Office and Charles Graddick[1]; thus, they also

---

[1]  Graddick is not identified as a defendant in the listing of defendants and will not be
treated by the Court as a defendant.  For the reasons discussed, infra, Hines did not state
a conspiracy claim, and there is no other reference to Graddick or to actions undertaken
by him.  Accordingly, a claim has not been stated against Graddick, as he is not connected
to a constitutional deprivation suffered by Hines.  Zatler v. Wainwright, 802 F.2d 397, 401
(11th Cir. 1986) (finding that a plaintiff must establish a causal connection between a
defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's
constitutional rights in order to state a claim upon which relief may be granted in a § 1983
action).

"joined" the ongoing conspiracy.  (Id.).

In its "original" opinion, the appellate court ruled that Hines's claim of insufficient evidence was without merit and that his right to due process was violated when the State failed to give notice of its intent to treat him as a habitual offender and counsel did not object to the lack of notice, thereby waiving it.  (Id. at 16).  On February 14, 1985, an evidentiary hearing was held on the claim that Davidson rendered ineffective assistance of counsel when he failed to object to the State's lack of notice of its intention to treat Hines as a habitual offender.  (Id. at 16, 17).  To support this claim, Hines offered that he was not given notice and that Davidson, Judge Kittrell, and Thetford did not invoke the Habitual Offender Act[2] prior to or during trial or prior to sentencing; therefore, his admission of prior convictions during the trial could only be used for the limited purpose of impeachment.  (Id. at 16-17).

Present at the hearing were: Judge Kittrell, Thetford, assistant attorney Phillipe L. Hughes, and "new" Assistant Attorney General Glenn L. Davidson.  (Id. at 17).  In order

---

Additionally, the Alabama Attorney General's Office was not listed as a defendant and will not be treated as a defendant because any claim against it is frivolous.  It is necessary in a § 1983 action that a "person" be sued.  Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  The Attorney General's Office is not considered a "person" for the purpose of a § 1983 action.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989) (holding that the state and its "arms" are not "persons" for § 1983 purposes).  Furthermore, the Eleventh Amendment "prohibits federal courts from entertaining suits by private parties against States and their agencies" in the absence of a state's consent.  Alabama v. Pugh, 438 U.S. 781, 781, 98 S.Ct. 3057, 3057, 57 L.Ed.2d 1114 (1978) (ruling the Eleventh Amendment barred an action against the State).  And Alabama has not waived its Eleventh Amendment immunity.  Id. at 782, 98 S.Ct. at 3057-58; Carr v. City of Florence, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990).

[2]   The Court assumes that Hines is referring to Alabama's Habitual Felony Offender Act, Ala. Code § 13A-5-9.  The Court will continue to refer to the Act as Hines did.

to prepare for the hearing, these defendants, Hines believes, had to have examined his trial transcript, the indictment with its charge and corresponding penalty, and Judge Kittrell's oral and written sentencing order.  (Id.).  As a consequence, these defendants knew that his thirty-year sentence was illegal because the trial transcript showed that the Habitual Offender Act was not invoked, Judge Kittrell did not sentence him as a habitual offender, and there was no authority to impose a thirty-year sentence when the maximum penalty was ten years.  (Id.).  Instead of correcting his sentence, he claims these defendants "conspired together to conceal the constitutional violation" to cause him to serve over thirty-two years in the State's custody.[3]  (Id. at 18).

For relief, Hines claims that he is entitled to a "judg[]ment against these Defendants."  (Id. at 18).[4]  No other information is provided with respect to this request for relief.

---

[3]  In Hines v. Thomas, CA No. 11-644-WS-C, Hines indicated that he was paroled in July, 1991.  At some point, apparently, his parole was revoked.  (Doc. 52, Report and Recommendation, at 18).  See Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (noting that the court can take judicial notice of its records and those of inferior courts).

[4]  Hines has not successfully litigated the constitutionality of his thirty-year sentence in state and federal courts.  The September 11, 2012 Report and Recommendation entered in his habeas action, Hines v. White, CA No. 11-648-WS-C (S.D. Ala. 2012), recounts the litigation history of his conviction and sentence.  (Doc. 15).  This habeas action was filed the same day he filed a civil rights action, Hines v. Thomas, CA No. 11-644-WS-C (S.D. Ala.), on appeal No. 16-16256 (11th Cir.), in which he complained, inter alia, that he was being denied access to the courts to attack his unlawful thirty-year sentence, which was entered and upheld as a result of a conspiracy.  (Docs. 52, 53).  This civil rights action was dismissed, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii) on August 25, 2016.  (Doc. 60).  Hines filed a notice of appeal on September 26, 2016.  And he filed the present action on August 30, 2016, after Civil Action No. 11-644-WS-C was dismissed and before it was appealed, and two years from Hines's release date, August 30, 2014. (Doc. 1 at 11).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Hines is proceeding in forma pauperis, the Court is reviewing his

complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may

be dismissed as "frivolous where it lacks an arguable basis in law or fact."  Neitzke v.

Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[5]  A claim is

frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at

327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for

failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d

1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which

relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is,

"[f]actual allegations must be enough to raise a right to relief above the speculative level"

and must be a "'plain statement' possess[ing] enough heft to 'sho[w]' that the pleader is

entitled to relief.'"  Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets

in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by

---

[5] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding
statute, 28 U.S.C. § 1915(e)(2)(B).  Bilal v. Driver, 251 F.3d 1346,1348-49 (11th Cir.), cert.
denied, 534 U.S. 1044 (2001).

mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  The court, however, does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  Iqbal, 556 U.S. at 681, 129 S.Ct. at 1951.  In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

## III.  Discussion.

### A.  Failure to State a § 1983 Conspiracy Claim and a Claim under § 1985(3) and § 1986.

According to Hines, he is bringing this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986.  However, he does not indicate under which subsection of § 1985 he wishes to proceed.  The subsection that corresponds to his claims is subsection 3, which prohibits "two or more persons . . . [from] conspir[ing] . . . [to] depriv[e], either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal

privileges and immunities under the laws. . . ." 42 U.S.C. § 1985(3).[6]

Hines predicates this action on the existence of a conspiracy that resulted in him receiving a thirty-year sentence of imprisonment. His allegations supporting his claim of a conspiracy reflect that when an individual defendant took an action that negatively impacted him, he alleged the defendant joined the "conspiracy" or "conspired." In his allegations, a person can be charged with conspiring with no showing of a connection to another person; for example, Hines claims that Judge Bowen conspired when he authored a dissenting opinion. Moreover, Hines offers no facts to support a conclusion that a conspiracy existed. He simply asserts the word "conspiracy," or one of its forms, and uses these vague and conclusory conspiracy allegations to connect actions related to his 1983 conviction, the initial sentencing, and the subsequent appeal and evidentiary hearing.

On the other hand, the law recognizes that "[t]he core of a conspiracy claim is an agreement between the parties[.]" Mickens v. Tenth Judicial Circuit, 181 F. App'x 865, 876 (11th Cir. 2006) (unpublished)[7] (a § 1985 action) (citing Bailey v. Board of County Comm'r of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992) (a § 1983 action)), cert. denied, 549 U.S. 1096 (2006). For a conspiracy claim to be stated, a plaintiff must provide more than a label or a conclusion. Twombly, 550 U.S. at 555, 127 S.Ct. at 1965;

---

[6] Section 1985(1) concerns conspiracies to prevent officers from performing their duties, and § 1985(2) concerns conspiracies to obstruct justice by intimidating parties, witnesses or jurors. See 42 U.S.C. § 1985(1)-(2); L.S.T., Inc. v. Crow, 49 F.3d 679, 682 n.4 (11th Cir. 1995). Both of these other subsections are not congruent with Hines's allegations.

[7] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

see Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding that vague and conclusory conspiracy allegations are subject to dismissal).  That is, an agreement to violate a plaintiff's constitutional rights must be shown with sufficient facts to suggest that an agreement was made.  Twombly, 550 U.S. at 556, 127 S.Ct. at 1965; AFL-CIO v. City of Miami, Fla., 637 F.3d 1178, 1190-91 (11th Cir. 2011).  In addition, a § 1983 conspiracy claim requires an "underlying actual denial of his constitutional rights" be shown.  Hadley v. Gutierrez, 526 F.3d 1324, 1332 (11th Cir. 2008).

"[A] conclusory allegation of agreement at some unidentified point does not supply facts adequately to show illegality . . . . [The allegations] must be placed in the context that raises the suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action."  Twombly, 550 U.S. at 557, 127 S.Ct. at 1966.  The mere stringing together of events without a showing of contacts demonstrating that an understanding to violate the plaintiff's constitutional rights was reached is not sufficient to establish a conspiracy.  Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992) (finding the "complaint merely str[u]ng together the discrete steps of the commitment process").

In the present action, Hines's conspiracy allegations are totally devoid of facts, i.e., his claim of a conspiracy consists of him stating that a defendant or the defendants "conspired."  There are no facts suggesting an agreement.  Thus, Hines's allegations do not indicate that a claim for a conspiracy is plausible.  Twombly, 550 U.S. at 557, 127 S.Ct. at 1966. For § 1983 purposes, Hines failed to state a conspiracy claim upon which relief can be granted, and such claim is due to be dismissed.  Fullman, 739 F.2d at 556-56.

With respect to § 1985(3), Hines likewise failed to state a conspiracy claim.

Mickens, 181 F. App'x at 876. Due to the failure to plead a plausible conspiracy claim, and to the absence of allegations showing "the conspirators were motivated by … racial, or otherwise class-based, invidiously discriminatory intent[,]" Hines failed to state a claim a § 1985(3) claim. Kearson v. Southern Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir.), cert. denied, 474 U.S. 1065 (1986).

Because Hines's § 1985(3) claim failed, his § 1986 claim fails as well. Morast v. Lance, 807 F.2d 926, 930 (11th Cir. 1987). Section 1986 provides a cause of action against any "person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do[.]" 42 U.S.C. § 1986. A § 1986 claim requires that a § 1985(3) conspiracy claim exist. Farese v. Scherer, 342 F.3d 1223, 1232 n.12 (11th Cir. 2003); Barth v. McNeely, 603 F. App'x 846, 850 (11th Cir. 2015) (unpublished). As a consequence of Hines's failure to state a § 1985(3) claim, he has failed to state a § 1986 claim.

Accordingly, Hines's § 1983 conspiracy claim, § 1985(3) claim, and § 1986 claim are due to be dismissed for failure to state a claim upon which relief can be granted.[8]

---

[8]   The undersigned notes that United States Chief District Judge Steele in Hines v. Thomas, CA No. 11-644-WS-C (S.D. Ala. Aug. 25, 2016), ruled, in his order dated November 1, 2016, denying Hines leave to proceed in forma pauperis on appeal,

> The plaintiff's lawsuit is factually frivolous because it fantastically asserts a sprawling conspiracy among dozens of state judges, prison officials and others to imprison him illegally, with no more factual support than that the law governing invocation of habitual offender status changed in his favor only after his conviction and appeal.

Doc. 67 at 2. Hines's lawsuit before Judge Steele similarly reached back to 1983 when

**B.   Failure to State a Claim Against Defendants, Wise, Shaw, Main, Moore, Parker, Bolin, Cobb, Lyons, Stuart, Murdock, Welch, Strange, Lewis, Lockett, Rich, Tason, Galano, Mobile County Circuit Court, Thomas, White, Dean, Tyner, Coleman, Department of Corrections Central Record Division, Brown, Philyaw, McQueen, Hoffman, Dillard, Cook, Oakes, Wynn, Longshore, and Weatherly.**

The claims that remain in this action are § 1983 claims.  Section 1983 requires that a plaintiff establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of a constitutional right in order to state a claim upon which relief may be granted.  Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.), cert. denied, 464 U.S. 932 (1983).  Hines did not allege a causal connection with respect to many persons named as defendants in the style of the complaint.  These persons are only mentioned in the style and in a listing reciting a defendant's citizenship, residency, job, and address, with no reference being made to them in the descriptive allegations.  Thus, Hines did not causally connect these defendants to a deprivation of his constitutional rights.  Hines, therefore, has failed to state a plausible claim against these defendants, namely, Judges Wise, Shaw, Main Moore, Parker, Bolin, Cobb, Lyons, Stuart, Murdock, and Welch; Alabama Attorney General Strange, and Assistant Attorney General Lewis; Mobile County Circuit Court Judge Lockett; Mobile County District Attorneys Rich, Tason, and Galano; Mobile County Circuit Court; ADOC Commissioner Thomas and Warden White; ADOC Central Records Division / Classification Division, Dean, Tyner, Coleman, Brown, Philyaw, McQueen, and

---

Hines was convicted and sentenced and included Hines's numerous challenges to his conviction and sentence in state and federal courts, but he couched his chief claim as a claim for denial of access to courts which incorporated he challenges to his conviction and sentence. (Doc. 53 at 28-53).  Hines, however, failed to demonstrate that he had the required, non-frivolous underlying claim (based on his sentence) on which he had been denied access to the courts.  (Id.)

Hoffman; and Alabama Board of Pardons and Paroles members, Dillard, Cook, Oakes, Wynn, Longshore, and Weatherly.  Hence, these defendants are due to be dismissed for failure to state a claim against them.  As a result, only those claims connected to a defendant who is included in the description of Hines's claims will be addressed.

### C.  Claim for Damages Against Defendant Thetford Is Frivolous.

Defendant Thetford is the Mobile County Assistant District Attorney who prosecuted Hines.  Hines alleges that Thetford failed to prove that he was in possession of burglar's tools in that no showing was made that the flashlight and pliers were intended for use in a burglary or theft.  (Id. at 9).  He charges Thetford with failing to speak up when Judge Kittrell imposed an illegal thirty-year sentence of imprisonment on him when Thetford knew the maximum sentence for a Class C felony is ten years since no other provision was invoked.  (Id. at 9-11).  With respect to the evidentiary hearing, Thetford is alleged to be present, and after having had an opportunity to review the trial transcript, he did not correct the illegal sentence, which he was under a duty to do, but instead he "conspired" to conceal the constitutional violation.  (Id. at 17-18).

A prosecutor, such as Thetford, is entitled to absolute prosecutorial immunity from damages in a § 1983 action for performing his function as an advocate for the government.  Buckley v. Fitzsimmons, 509 U.S. 259, 272-73, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993); Imbler v. Patchman, 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976).  He is protected with absolute immunity in order not to "impair the performance of a central actor in the judicial process."  Malley v. Briggs, 475 U.S. 335, 343, 106 S.Ct. 1092, 1097, 89 L.Ed.2d 271 (1986).  This immunity encompasses acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution

13

and in presenting the government's case.  See Imbler, 424 U.S. at 430-31, 96 S.Ct. at 995; Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); Fullman, 739 F.2d at 558-59. Furthermore, this immunity extends to the "post-sentencing conduct of a prosecutor." Hart v. Hodges, 587 F.3d 1288, 1296 (11th Cir.), cert. denied, 560 U.S. 953 (2010).  "[T]he absolute immunity doctrine has evolved such that even wrongful or malicious acts by prosecutors are allowed to go unredressed in order to prevent a flood of claims against the remainder of prosecutors performing their duties properly."  Id. at 1298 (citing Imbler, 424 U.S. at 426).

In the action at hand, Thetford's actions occurred during Hines's criminal trial, sentencing, and post-conviction evidentiary hearing while he was acting as an advocate for the State in the prosecution of the criminal case against Hines.  Accordingly, Thetford is due to be granted absolute immunity from damages, and the damages claims against him are due to be dismissed with prejudice as frivolous.

### D.  Claim for Damages Against Defendant Hughes Is Frivolous.

Phillipe L. Hughes, an Assistant Attorney General, is listed as a defendant.  In the allegations he is mentioned in connection with the evidentiary hearing.  (Doc. 1 at 17-18). The exact nature of his role is not described in the allegations.  Nonetheless, he is charged with conspiring with the other defendants when the Hines's sentence was not corrected. (Id. at 18).

Initially, the Court observes that a claim has not been stated against defendant Hughes because the allegations do not convey a plausible claim.  Twombly, 550 U.S. at 557, 127 S.Ct. at 1966.  Furthermore, Hughes is entitled to absolute prosecutorial immunity from damages because he appears to have been representing the State in post-

14

conviction criminal proceedings against Hines.  <u>Hart</u>, 587 F.3d at 1296.  Thus, the damages claims against defendant Hughes are due to be dismissed with prejudice as frivolous.

      **E.   Claim for Damages Against Defendant Kittrell Is Frivolous.**

      Turning to Hines's allegations against Judge Kittrell, he alleges that Judge Kittrell knowingly imposed the thirty-year sentence, which is greater than the maximum ten-year sentence for a Class C felony, when the Habitual Offender Act had not been invoked. (Doc. 1 at 9-11).  Judge Kittrell also appointed Hines's trial attorney, Davidson, as his appellate attorney.  (<u>Id.</u> at 11).  And Judge Kittrell did not correct Hines's sentence at the evidentiary hearing even though the records did not show that he was sentenced as a habitual offender.  (<u>Id.</u> at 17-18).

      In a § 1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "clear absence of all jurisdiction."  <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1104-05, 55 L.Ed.2d 331 (1978) (quotation omitted); <u>Simmons v. Conger</u>, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same).  A judge is entitled to this immunity even though his acts were in error, were malicious, or were in excess of his jurisdiction.  <u>Stump</u>, 435 U.S. at 356, 98 S.Ct. at 1104.

      When Judge Kittrell sentenced Hines, appointed Davidson as appellate counsel, and made the decision not to resentence Hines at the evidentiary hearing, Judge Kittrell was performing typical judicial acts.  Thus, Judge Kittrell was acting in his judicial capacity.  Therefore, the first prong of the <u>Stump</u> immunity test is satisfied.

      The next prong of the <u>Stump</u> test inquires as to whether Judge Kittrell acted in the

"clear absence of all jurisdiction." Simmons, 86 F.3d at 1085 (quoting Stump, 435 U.S. at

357).  An Alabama circuit court judge has exclusive original jurisdiction over all felony

prosecutions.  ALA. CODE § 12-11-30(2) (1996).  And the crime of possession of burglar's

tools, for which Hines was convicted, is a Class C felony.  ALA. CODE  § 13A-7-8 (1977).

Clearly, Judge Kittrell was acting within his jurisdiction as a circuit court judge when he

sentenced Hines for being convicted of the offense of being possession of burglar's tools,

appointed appellate counsel for Hines, and conducted the evidentiary hearing.  Even

though Hines attributes error in his sentencing to Judge Kittrell, an error by a judge in a

ruling or in the handling of a case does not divest a judge of jurisdiction over an action

before him or her.  Stump, 435 U.S. at 356, 363-64, 98 S.Ct. at 1105, 1108 (holding judicial

immunity extends to judicial acts containing error).

Because both prongs of the Stump test are satisfied, Judge Kittrell is entitled to

absolute judicial immunity from any damages claims.  Accordingly, Hines's damages

claims against Judge Kittrell are frivolous as a matter of law and are due to be dismissed.

### F. Failure to State a Claim Against Defendant Davidson.

Glenn Davidson represented Hines at trial and on direct appeal.  Hines complains

that Davidson, who was present at his sentencing, did not bring to the court's attention

the error in its thirty-year sentence and did not bring to the appellate court's attention the

erroneous thirty-year sentence, but instead he filed a "no-merits" Anders brief.  (Id. at 10-

14).  He also states that Davidson was present at the evidentiary hearing and "[i]nstead of

correcting the illegal sentence which as officers[]s of the court the defendants had a duty

to perform, the defendants conspired together to conceal the constitutional violation

which resulted [in] plaintiff being held illegally[.]"[9]  (Id. at 18).

A necessary element in a § 1983 action is for a defendant to have acted under color of state law when the alleged constitutional deprivation was committed.  Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986).  In a § 1983 action, criminal defense counsel, whether court-appointed or retained, does not act under color of state law in the absence of a conspiracy.  Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) (public defender); Slavin v. Curry, 574 F.2d 1256, 1264 (5th Cir.) (retained counsel),[10] overruled by on other grounds by Sparks v. Duval County Ranch Co., 604 F.2d 976 (5th Cir. 1979).

In Polk County, the Supreme Court reasoned that "[e]xcept for the source of payment, [the] relationship [between criminal defendant and appointed defense counsel is] identical to that existing between any other lawyer and client."  Id. at 318, 102 S.Ct. at 449.  The Polk County Court concluded that "[t]his [relationship] is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed."  Id. at 319, 102 S.Ct. at 450.  The Court determined that court-appointed, criminal defense counsel carried out the traditional functions of a lawyer representing a

---

[9] In the section of the complaint containing allegations related to the evidentiary hearing, defendant Davidson is described as being a new Assistant Attorney General.  (Doc. 1 at 17).  The allegations do not indicate that Davidson acted in that capacity at the evidentiary hearing.  If such were the case, however, the reasoning applied to the allegations directed to defendant Hughes would be applicable.

[10] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

criminal defendant and therefore did not act under color of state law.  Id. at 325, 102 S.Ct. at 453.  Thus, the Court ruled that the § 1983 complaint must be dismissed against criminal defense counsel for lack of state action.  Id.

In the present action, Hines's complaint contains allegations of a conspiracy, which have been found to fail to state a claim upon which relief can be granted.[11]  See Supra. In the absence of a conspiracy, and based on the complaint's allegations, Davidson did not act under color of state law and, therefore, a § 1983 claim is not stated against Davidson.  Accordingly, Davidson is due to be dismissed from this action.

**G.  Claim for Damages Against Defendant Bowen Is Frivolous.**

Hines, in listing the judicial defendants to this action, did not list Alabama Court of Criminal Appeals Judge Bowen even though the complaint contains a claim against him.  (Doc. 1 at 15-16).  Hines contends that Judge Bowen joined the conspiracy when he dissented stating that Hines's admission of prior convictions waived the State's notice requirement for invoking the Habitual Offender Act and its burden of proving the prior convictions.[12]  (Id.).

In examining these allegations, the Court finds that the authoring of a dissenting opinion by Judge Bowen is a typical judicial act.  Sibley v. Lando, 437 F.3d 1067, 1071 (11th Cir. 2005); McBrearty v. Koji, 348 F. App'x 437, 439 (11th Cir. 2009).  In addition, the Alabama Court of Criminal Appeals has appellate jurisdiction of all post-conviction writs

---

[12]  Judge Bowen's dissent is found in Hines v. State, 461 So.2d 50, 50-51(Ala. Crim. App. 1984), setting aside judgment, 489 So.2d 9 (Ala. Crim. App. 1986) (holding, on the return from the remand, the circuit court's denial of the petition for writ of error coram nobis was affirmed).

in felony criminal cases.  ALA. CODE § 12-3-9 (1975).  Therefore, Judge Bowen was acting

within his jurisdiction when he entered his dissenting opinion.  Because both prongs of

the Stump test are satisfied, Judge Bowen is entitled to absolute judicial immunity from

damages.  Stump, 435 U.S. at 356-57, 98 S.Ct. at 1104-05 (1978); Simmons, 86 F.3d at 1084-

85.

###    H.  Request for Relief.

Because four of the five defendants against whom Hines made allegations are

entitled to absolute immunity from damages, it is necessary to consider the relief

requested by Hines.  Hines vaguely conveys that the he wants a "judg[]ment against

these Defendants."  (Id. at 18).  No other information is provided to explain what this

broad request means.  Clearly, if Hines wants a monetary judgment against any of the

five defendants discussed above, he is not entitled to such, as Judge Kittrell, Judge

Bowen, Thetford, and Hughes are entitled to absolute immunity from damages and no

cognizable claim under § 1983 was stated against Davidson.

The other forms of relief that remain are injunctive or declaratory relief.  These

forms of relief require specificity in order to show that the request is appropriate and

plausible, which Hines has not done.  Twombly, 550 U.S. at 557, 127 S.Ct. at 1966.  The

Court cannot just speculate as to the nature of relief that Hines may have intended to

request or whether Hines intended to request either form of relief at all.  The Court,

however, notes that injunctive and declaratory relief that would undermine Hines's

conviction or sentence is not cognizable in a § 1983 action.  Wilkinson v. Dotson, 544 U.S.

74, 82, 125 S.Ct. 1242, 1247, 161 L.Ed.2d 253 (2005); Edwards v. Balisok, 520 U.S. 641,648,

117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997).  And § 1983 contains a limitation on an

19

injunctive relief request against a judicial officer, to-wit: "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Additionally, a general jurisdictional requirement for all actions holds that "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" Al Naijar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001). When a court addresses claims for injunctive or declaratory relief, it examines whether a live controversy exists at the time of its ruling in order to avoid issuing an advisory opinions. Tucker v. Phyfer, 819 F.2d 1030, 1034-35 (11th Cir. 1987); Al Naijar, 273 F.3d at 1336. A controversy between the parties is no longer alive when one party has no further concern in the outcome, and thus the controversy becomes moot. Weinstein v. Bradford, 423 U.S. 147, 148, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975).[13] Expressed another way, "a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Al Naijar, 273 F.3d at 1336 (citations omitted). When an action that becomes moot, it is no longer considered a case or controversy. Id. Moreover, mootness may occur at anytime in the litigation. Id.

In the action at hand, the Court examined the Internet to determine if Judge Kittrell and Judge Bowen are presently judges, if Thetford is presently a prosecutor for

---

[13] In Weinstein, a parolee filed a lawsuit challenging the lack of certain procedural rights in consideration for parole. While the action was pending, the parolee was completely released. The Court observed from the release date forward, he no longer had an interest in the procedures for granting parole. 423 U.S. at 148, 96 S.Ct. at 348. Accordingly, the Court found the action was moot and ordered the district court to dismiss the complaint. Id. at 149, 96 S.Ct. at 349.

Mobile County District Attorney's Office, and if Hughes is an assistant attorney general. The Court discovered that none of these four persons are presently listed as serving in these capacities.  See 13jc.alacourt.gov/judges.html; judicial.alabama.gov/criminal; judicial.alabama.gov/supreme; www.mobile da.org/phone directory; ago.state.al.us/Page-Staff-Profiles-All.  Thus, claims for injunctive and declaratory relief against them are moot and subject to dismissal.  Ray v. Judicial Corr. Servs., Inc., 2014 WL 5090723, at *5 n.10 (N.D. Ala.  2014) (unpublished) ("Ward has retired from his judgeship and, as both parties recognize, any claim against him for prospective injunctive or declaratory relief would be moot.).

### I. Application of Heck v. Humphrey.

Although the complaint is due to be dismissed in its entirety for the above-discussed reasons, the decision in Heck v. Humphrey, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), provides an alternative basis for dismissal.[14]  The Heck Court ruled that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove . . . that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

---

[14] The decision in Abella v. Rubino, 63 F.3d 1063, 1065 n. 3 (11th Cir. 1995), suggests addressing claims on the basis of absolute immunity before using a Heck analysis.

> conviction or sentence; if it would, the complaint must be
> dismissed unless the plaintiff can demonstrate that the
> conviction or sentence has already been invalidated.  But if
> the district court determines that the plaintiff's action, even if
> successful, will not demonstrate the invalidity of any
> outstanding criminal judgment against the plaintiff, the
> action should be allowed to proceed, . . . in the absence of
> some other bar to the suit.

Id. at 486-87, 114 S.Ct. at 2372-73.  The decision in Heck, which addressed damages, was

expanded by the Supreme Court in Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161

L.Ed.2d 253 (2005), to apply to any type of relief when "if the success in that action would

necessarily demonstrate the invalidity of confinement or its duration."  Id. at 82, 125 S.Ct.

at 1247; see Kapordelis v. Danzig, 387 F. App'x 905, 907 (11th Cir.) (unpublished), cert.

denied, 562 U.S. 1250 (2011); Pugh v. Smith, 333 F. App'x 478, 479-80 (11th Cir. 2009)

(unpublished); see also Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 1589, 137

L.Ed.2d 908 (1997) (applying the decision in Heck to a claim for declaratory relief because

a favorable ruling on the claim would undermine the valid disciplinary conviction that

removed good-time credits).

    Furthermore, the Heck decision applies to actions brought pursuant to 42 U.S.C. §§

1985 and 1986 when the validity of the conviction or sentence is challenged.  Christy v.

Sheriff of Palm Beach Cnty., Fla., 288 F. App'x 658, 660, 665 (11th Cir.) (unpublished)

(affirming the application of Heck in an action under §§ 1983 and § 1985(2-3), cert. denied,

Christy v. Bradshaw, 556 U.S. 1259 (2009); Descent v. Kolitsidas, 396 F. Supp.2d 1315,

1319-20 (M.D. Fla. 2005); Jones v. Steinbeck, 2014 WL 6673250, at *5 (M.D. Fla. 2014)

(unpublished); Acosta v. McNeil, 2013 WL 5770736, at *4 (M.D. Ala. 2013); see McQuillion

v. Schwarzenegger, 369 F.3d 1091, 1097-98 (9th Cir. 2004) (applying Heck to claims under

§§ 1983, 1985, and 1986); <u>Lanier v. Bryant</u>, 332 F.3d 999, 1005 (6th Cir. 2003) (extending

<u>Heck</u> to § 1985 actions); <u>Amaker v. Bryant</u>, 179 F.3d 48, 51-52 (2d Cir. 1999) (extending

<u>Heck</u> to §§ 1981, 1985(3) and 1986 claims).

　　　In the present action, Hines is challenging the thirty-year sentence he received for

his conviction of being in possession of burglar's tools.  Thus, if the Court were to rule

favorably on his claims that his thirty-year sentence was unconstitutional, such a ruling

would undermine the imposed sentence.  As a consequence, Hines must show that his

sentence has been invalidated in a manner prescribed by <u>Heck</u>.  Hines has not done this

and appears incapable of making this showing in view of the litigation history

surrounding his sentence.   See <u>Hines v. White</u>, CA No. 11-648-WS-C (S.D. Ala.)

(recounting Hines' state court and federal court proceedings in the recommendation to

dismiss the habeas petition as successive) (Doc. 15).[15]  Being unable to make the required

---

[15]   The Report and Recommendation entered on April 30, 2012 reflects the following litigation history surrounding Hines's conviction and sentence: <u>Hines v. State</u>, 453 So.2d 7 (Ala. Crim. App. 1984) (affirming Hines's conviction and sentence on direct appeal); <u>Hines v. States</u>, 461 So.2d 50 (Ala. Crim. App. 1984) (affirming one ground of the <u>error coram nobis</u> petition and reversing and remanding the ground of ineffective assistance of trial and appellate counsel for an evidentiary hearing); <u>Hines v. State</u>, 489 So.2d 9 (Ala. Crim. App. 1986) (setting aside its prior judgment reversing the trial court and remanding, and affirming the trial court's judgment on the ineffective assistance ground, which included a challenge to his sentence); <u>Hines v. Johnson</u>, CA 86-357-M (S.D. Ala. 1988) (first federal habeas petition denied); <u>Hines v. State</u>, 886 So.2d 190 (Ala. Crim. App. 2003) (affirming the trial court's summary dismissal of Hines's first Rule 32 petition), <u>reh'g denied</u>, <u>Hines v. State</u>, 897 So.2d 1251 (Ala. Crim. App. 2003), <u>cert. denied</u>, <u>Ex Parte Hines</u>, 899 So.2d 317 (Ala. 2004) ; second Rule 32 petition filed on December 18, 2006, State's motion to dismiss was granted, no appeal was taken (Doc. 12, Ex. 4);  third Rule 32 petition filed on March 9, 2010, petition was summarily denied, Alabama Court of Criminal Appeals affirmed the judgment in an unpublished opinion on August 13, 2010, Alabama Supreme Court denied the petition of writ of certiorari on October 8, 2010 (Doc. 12, Ex. 5); <u>In re: Thomas Curtis Hines</u>, No. 10-15559-G (11th Cir. 2011) (Application for Leave to File a Second or Successive Habeas Corpus Petition was denied); <u>Hines v. Johnson</u>, CA No. 11-648-WS-C (S.D. Ala. 2012) (habeas petition dismissed as successive),

showing that invalidation of his sentence has occurred, Hines has failed to state a claim under §§ 1983, 1985(3) and 1986, and, therefore, this action is due to be dismissed on this alternate ground.

Furthermore, in the event that Hines contends this action should proceed because a habeas remedy is unavailable to him due to his release at the end of sentence, his argument is deficient.  Most notably, Hines has challenged his sentence numerous times and is precluded by 28 U.S.C. § 2244 from filing another successive habeas petition. Moreover, the rule from Heck is applied to a released prisoner's challenges even though a prisoner no longer can obtain habeas relief because he is no longer in custody.  Randell v. Johnson, 227 F.3d 300, 301 (5th Cir.), cert. denied, 522 U.S. 971 (2001); see Christy, 288 F. App'x at 666 (affirming the application of Heck in a § 1983 and § 1985(2-3) action even though no habeas remedy remained for the prisoner because he had previously brought a habeas action), cert. denied, Christy v. Bradshaw, 556 U.S. 1259 (2009); Vickers v. Donahue, 137 F. App'x 285, 288-90 (11th Cir. 2005) (unpublished) (applying Heck to a § 1983 action in which a favorable ruling would undermine a valid probation revocation even though the prisoner's subsequent release prevented him from being able to file a habeas petition).

---

denied (11th Cir. 2013) (COA), cert. denied, (U.S. 2014).
     In addition to these cases challenging his conviction and sentence, Hines filed other actions, many of which also challenge his sentence but in different contexts.  For example, in Hines v. Thomas, CA No. 11-644-WS-C, Hines challenges his sentence through an access-to-courts claim.  In entering a recommendation to dismiss the action, the Court listed several § 1983 actions filed by Hines in the 1980s, which appear to concern his conviction and sentence, such as a  § 1983 action against Davidson, his criminal defense counsel.  (Doc. 12 at 15 n.9).  This prior case information was obtained from a Report and Recommendation entered in Hines v. Hawsey, CA No. 02-574-CB-C (S.D. Ala. 2003) (Doc. 9).

Accordingly, the decisions in <u>Heck</u> and <u>Wilkinson</u> provide an alternative basis on which to dismiss Hines's claims in this action.[16]

**IV.  Conclusion.**

Based upon the foregoing reasons, and in particular that a conspiracy claim has not been stated and is implausible, four of the five defendants are entitled to absolute immunity from damages, these four defendants are no longer in their official positions, and the fifth defendant typically does act under color of state law, it is recommended, prior to service of process, that the claims against defendants Thetford, Hughes, Kittrell, Bowen, and Davidson be dismissed with prejudice as frivolous.  <u>See</u> <u>Abella</u>, 63 F.3d at 1065 (affirming the dismissal of claims with prejudice, stating the plaintiff could bring his claims in the future should he meet <u>Heck</u>'s requirements).  Furthermore, it is recommended that prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the claims against defendants Luther Strange, Madeline Lewis, Judge John Lockett, Ashley Rich, John Tason, Chris Galano, Mobile County Circuit Court, Kim Thomas, Cynthia White, Stan Dean, Bridgett Tyner, Anette Coleman, Department of Corrections Central Record Division, Cynthia Brown, Lauren Philyaw, Vivian McQueen, Michael Hoffman, Cynthia S. Dillard, Eddie Cook, Jr., Robert D. Oakes, William Wynn, Robert P. Longshore, Yilinda Weatherly, and  Justices Wise, Shaw, Main, Moore, Parker, Bolin, Cobb, Lyons, Stuart, Murdock, and Welch be dismissed without prejudice for failure to state a claim upon which relief can be granted.

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

---

[16] Because no information was provided, the Court cannot speculate as to any request for injunctive or declaratory relief.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 5th  day  of December,  2016.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE